# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2342
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of South Dakota. |
| | * | |
| Larry Short Horn, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  December 16, 2003

Filed:  December 22, 2003
_____

Before MORRIS SHEPPARD ARNOLD, HEANEY, and FAGG, Circuit Judges.
_____

PER CURIAM.

Sylvia Little accused Larry Short Horn of assaulting her and breaking her collarbone after they spent the day drinking at Short Horn's cabin on the Pine Ridge Indian Reservation. Short Horn denied assaulting Little and surmised she hurt herself in a drunken fall. The Government charged Short Horn, and Little and Short Horn testified at trial. Choosing to believe Little, a jury found Short Horn guilty of simple assault and assault resulting in serious bodily injury in Indian country. See 18 U.S.C.

§§ 113(a)(5), 113(a)(6), 1153. The district court[*] sentenced Short Horn to seventy-eight months in prison.

On appeal, Short Horn first asserts the evidence was insufficient to convict him of assault resulting in serious bodily injury. Viewing the evidence in the light most favorable to the verdict, we conclude a reasonable jury could find Short Horn guilty beyond a reasonable doubt. The evidence showed Short Horn assaulted Little and the assault resulted in serious bodily injury. See United States v. Two Eagle, 318 F.3d 785, 790-91 (8th Cir. 2003) (elements of offense). The jury could properly choose to believe Little. See United States v. Martinez, 958 F.2d 217, 218 (8th Cir. 1992).

Short Horn also argues the district court committed error in allowing Little's treating physician to testify about how bones break and whether Little's injuries were consistent with a fall or an assault. The district court did not abuse its discretion in admitting the testimony. After Short Horn cross-examined the doctor suggesting Little broke her collarbone in a fall rather than by being kicked with cowboy boots by Short Horn, the district court held Short Horn had "opened the door" permitting the Government to elicit testimony about whether Little's broken collarbone was consistent with having fallen to the ground. United States v. Beason, 220 F.3d 964, 968 (8th Cir. 2000). The doctor testified the nature of the break of Little's collarbone was inconsistent with a fall to the dirt ground. Even if the testimony should not have been admitted, any error in its admission was harmless. See United States v. Nelson, 984 F.2d 894, 897 (8th Cir. 1993). The doctor's testimony was not conclusive–he could only say that about 70% of the time a break like Little's is not accidental.

---

[*]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

Last, Short Horn contends the prosecutor's comments during closing argument were improper because he vouched for the truthfulness of his witnesses and interjected his personal beliefs about Short Horn's honesty. Specifically, the prosecutor argued Little had no motive to lie, Short Horn made up the story that Little had fallen, and lied when he told that to investigators. Because Short Horn did not object at trial, we reverse only if any error is plain and affects Short Horn's substantial rights. United States v. Kehoe, 310 F.3d 579, 594 (8th Cir. 2002). Having carefully reviewed the record, we conclude the comments were references to the evidence at trial, reasonable inferences from the evidence, or responses to the defense theory or closing argument by Short Horn. Even if the remarks were improper, they did not rise to the level of plain error. See id.

We thus affirm the district court.

_____